**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | **Civil Action No. 12-851 (CKK)** |
| ALL PLUMBING INC. SERVICE, PARTS, INSTALLATION, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**
(April 22, 2013)

Plaintiff The Cincinnati Insurance Company filed suit against Defendants All Plumbing, Inc. Service, Parts, Installation ("All Plumbing"), Mr. Kabir Shafik, and FDS Restaurant, Inc., seeking a declaratory judgment that the Plaintiff owes no duty to defend or indemnify All Plumbing and Shafik in connection with a class action lawsuit filed by FDS Restaurants against All Plumbing and Shafik in the Superior Court for the District of Columbia. Presently before the Court are Cincinnati Insurance's [16] Motion for Default Judgment as to all Defendants, and Defendant FDS Restaurant's [18] Motion to Vacate Default, and for Leave to File, *Instanter*, Its Responsive Pleading. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court finds the entry of default against FDS Restaurant should be vacated. Accordingly, FDS Restaurant's [18] Motion to Vacate Default, and for Leave to File, *Instanter*, Its Responsive Pleading is GRANTED and Cincinnati Insurance's [16] Motion for Default Judgment as to all Defendants is DENIED.

---

[1] Pl.'s Mot. for Default J., ECF No. [16]; Def. FDS Restaurant's Mot. to Set Aside, ECF No. [18]; Pl.'s Opp'n, ECF No. [19].

# I. BACKGROUND

Cincinnati Insurance issued a commercial insurance policy to All Plumbing effective from March 3, 2006 to March 3, 2007, providing general liability coverage up to $1 million for each occurrence and $2 million in aggregate.  Compl., ECF No. [1], ¶ 19.  The "excess" liability coverage of the policy provides coverage up to $2 million for each occurrence and in the aggregate.  *Id.*; *see* Compl., Ex. 3 (Ins. Policy).

The Complaint alleges that in September 2010, Love the Beer, Inc., filed a putative class action against All Plumbing and Shafik in the Superior Court for the District of Columbia ("Superior Court") alleging that on or about September 22, 2006, All Plumbing and Shafik sent unsolicited faxes to Love the Beer and others in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227.  *Id.* at ¶¶ 10-11; *see* Compl., Ex. 1 (*Love the Beer* Compl.).  Cincinnati Insurance alleges that All Plumbing and Shafik never notified Cincinnati Insurance of the *Love the Beer* action, but that counsel for Love the Beer contacted Cincinnati Insurance on November 15, 2011, and asked the Cincinnati Insurance to defend the action.  Compl. ¶¶ 17-18.  The Superior Court docket indicates the action was never certified as a class action, and was voluntarily dismissed by the plaintiff in advance of trial.  *Love the Beer, Inc. v. All Plumbing Inc. Serv., Parts, Installation*, No. 2010 CA 006880 (D.C. Sup. Ct. dismissed June 11, 2012).

In December 2011, FDS Restaurant filed a second putative class action against All Plumbing and Shafik in Superior Court based on the same allegation of unsolicited faxes as at issue in the *Love the Beer* action.  Compl. ¶¶ 13-15; *see* Compl., Ex. 2 (*FDS Restaurant* Compl.).  The defendants then removed the action to this court.  *FDS Restaurant, Inc. v. All Plumbing, Inc., Serv., Parts, Installation*, No. 12-394 (D.D.C. removed Mar. 9, 2012).  Upon FDS Restaurant's motion, Judge Rosemary M. Collyer remanded the case to Superior Court on

September 14, 2012.  FDS Restaurant, Inc. v. All Plumbing, Inc., Service, Parts, Installation, No. 12-394, Op. & Order (D.D.C. Sept. 14, 2012).  The case was reopened by Superior Court in December 2012.  FDS Restaurant's motion for class certification is now pending in Superior Court.  *FDS Restaurant v. All Plumbing Inc. Serv., Parts, Installation*, No. 2011 CA 009575, Am. Mot. for Class Certif. (D.C. Sup. Ct. Mar. 1, 2012).

Cincinnati Insurance filed this action on May 21, 2012, seeking a declaratory judgment that it has no duty to defend All Plumbing and Shafik in the *FDS Restaurant* Superior Court action because (1) the underlying act was not an "occurrence" within the meaning of the insurance policy, Compl. Ex. 3, Primary Policy § 1, Coverage A(1); *id.* at § 5(17); (2) coverage is excluded by the exception for "expected or intended" injuries, *id.* § 1, Coverage A(2); (3) the *FDS* action does not involve "personal and advertising injury" as required by the policy," *id.* § 1, Coverage B(2); *id.* at § 5(17); (4) coverage is excluded by the exception for knowing violations of the rights of another, *id.* § 1, Coverage B(2); (5) coverage is barred by All Plumbing and Shafik's breach of the notice requirements under the policy, *id.* § IV(2); and (6) damages under the Telephone Consumer Protection Act constitute punitive damages, which fall outside the scope of insurance coverage as a matter of public policy.  Cincinnati Insurance served All Plumbing and Shafik on June 1, 2012, and served FDS Restaurant on June 8, 2012.  Return of Serv. Affs., ECF Nos. [7-9].

Counsel for All Plumbing and Shafik initially entered an appearance, but moved to withdraw before filing an answer to the Complaint.  Mot. to Withdraw as Atty., ECF No. [10]. The Court granted counsel's motion to withdraw and advised Mr. Shafik that he could proceed pro se but was required to obtain counsel for All Plumbing.  7/30/2012 Order, ECF No. [12].  At Mr. Shafik's request, the Court gave Mr. Shafik six weeks to retain new counsel, and ordered

Mr. Shafik and All Plumbing to either file their responses to the Complaint by September 10, 2012, or file a status report outlining Mr. Shafik's efforts to obtain new counsel. *Id.* No new counsel has entered an appearance on behalf of either All Plumbing or Mr. Shafik, and Mr. Shafik failed to submit the status report as required by the Court. The Clerk of Court entered defaults against all three Defendants on September 20, 2012. Entries of Default, ECF Nos. [14-15]. Cincinnati Insurance subsequently moved for a default judgment on September 21, 2012. FDS Restaurant moved to set aside the default on October 23, 2012, which the Plaintiff opposes. Both motions are now ripe for adjudication.

## II.  LEGAL STANDARD

"Default judgments are generally disfavored by courts, because entering and enforcing judgments as a penalty for delays in filing is often contrary to the fair administration of justice." *Int'l Painters & Allied Trades Union & Indus. Pension Fund v. H.W. Ellis Painting Co., Inc.*, 288 F. Supp. 2d 22, 25 (D.D.C. 2003). Pursuant to Federal Rule of Civil Procedure 55(c), the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Though the decision [to set aside an entry of default] lies within the discretion of the trial court, exercise of that discretion entails consideration of whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 373 (D.C. Cir. 1980) (citations omitted). "On a motion for relief from the entry of a default or a default judgment, all doubts are resolved in favor of the party seeking relief. *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980).

## III.  DISCUSSION

A.      *FDS Restaurant's Failure To Respond To The Complaint Was Not Willful*

The initial question before the Court is whether FDS Restaurant's failure to respond to

the Complaint was willful.  "The boundary of willfulness lies somewhere between a case involving a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable."  *Int'l Painters*, 288 F. Supp. 2d at 26 (citing *Gucci Am., Inc. v. Gold Ctr. Jewelry*, 158 F.3d 631, 634 (2d Cir.1998)). However, "[a] finding of bad faith is not a necessary predicate to the conclusion that a defendant acted 'willfully.'"  *Int'l Painters*, 288 F. Supp. 2d at 26.

In support of its motion to vacate, FDS Restaurant submitted the declaration of Cecile Brou, an officer, director, and shareholder of FDS Restaurant.  Brou Decl., ECF No. [18-1], ¶ 1. Ms. Brou explained that she was served with the Complaint in July 2012, but "assumed that the attorneys representing FDS in the underlying class action were aware of and knew that Cincinnati Insurance had filed this action," therefore she "did not forward a copy of the complaint because I held that assumption that they were [aware] of this action."  *Id.* at ¶¶ 3-4. Ms. Brou subsequently "forgot about receipt of the complaint in this case because my normal week is 9:00 a.m. to 10:00 p.m., seven days a week," running the Petits Plats restaurant in Washington, D.C.  *Id.* at ¶¶ 1, 5.  Counsel for FDS Restaurant, Stephen H. Ring, avers that he did not learn of this action until October 2012.  Ring Decl., ECF No. [18-2], ¶ 5.  FDS Restaurant filed its motion to vacate on October 23, 2012.

The Plaintiff asserts that FDS Restaurant's failure to respond to the Complaint was willful because the company did not notify its attorneys of the suit when served, nor did it discuss the matter with its attorneys in the four months that elapsed between service and the filing of the motion to vacate.  Pl.'s Opp'n at 4-5.  Though FDS Restaurant may have been negligent by failing to notify its attorney of the Complaint, courts in this District have previously found similar conduct to be less than willful.  *E.g.*, *Wilson v. Superclub Ibiza, LLC*, 279 F.R.D.

176, 179 (D.D.C. 2012) (finding default was not willful where corporate representatives of the defendant were served with the complaint, but the suit was "overlooked" by the defendant because of an internal dispute at the company); *Gaither v. District of Columbia*, 653 F. Supp. 2d 25, 41 (D.D.C. 2009) (finding no willfulness where defendant had actual notice of the suit but assumed the Office of the Attorney General would be representing him as it had in similar litigation).   There is no evidence to suggest FDS Restaurant intended to default or delay these proceedings when it failed to file a timely response.   *Cf. Whelan v. Abell*, 48 F.3d 1247, 1259 (D.C. Cir. 1995).   Resolving all doubts in favor of FDS Restaurant, the Court finds the Defendant's failure to respond to the Complaint was not willful.

### B.   *Plaintiff Would Not Be Prejudiced by Setting Aside the Entry of Default*

Second, the Court turns to the issue of whether the Plaintiff would be prejudiced by setting aside the entry of default.   "Delay in and of itself does not constitute prejudice." *Gaither*, 653 F. Supp. 2d at 42 (citations omitted).   "Accordingly, in evaluating the prejudice to a plaintiff in setting aside a default, a court should consider—not the mere fact of delay itself—but rather any effects such delay may have on the plaintiff (for example, loss of evidence or increased difficulties in obtaining discovery)." *Id.*   The Plaintiff asserts that in this case "[b]ecause of FDS's failure to respond to Cincinnati's action for declaratory judgment, four months have passed in which Cincinnati has continued to defend All Plumbing while uncertain of its duty to do so." Pl.'s Opp'n at 5.   In a footnote, the Plaintiff claims that "[b]etween June 29, 2012, the date FDS's responsive pleadings were due, and October 23, 2012, the date FDS moved to vacate the default judgment, Cincinnati incurred $77,385.99 to defend the claims and allegations asserted in the Underlying Action." *Id.* at 5 n.3.

Any expenses incurred by the Plaintiff between June 29, 2012, and September 10, 2012

were inevitable: All Plumbing and Mr. Shafik had up to and including September 10 to file their answer. 7/30/12 Order, ECF No. [12]. In other words, the Court could not have resolved the claims in this case prior to September 10, 2012, regardless of whether FDS Restaurant had timely filed an answer to the Complaint. Moreover, the case was dormant between September 14, 2012 (the date the case was remanded) and December 20, 2012 (the date the case was reopened by Superior Court). To the extent the Plaintiff actually incurred any expenses associated with defending the underlying action after September 10, 2012, on balance that prejudice is not great enough to justify denying the Defendant's motion to vacate. Absent any other claim of prejudice, the Court finds the Plaintiff was not prejudiced by FDS Restaurant's failure to respond to the Complaint, and will not be prejudiced by vacating the entry of default.

   C.    *FDS Restaurant Asserted A Meritorious Defense*

   Third, the Court must consider whether FDS Restaurant has asserted a meritorious defense. "Likelihood of success is not the measure. Defendant['s] allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." *Keegel*, 627 F.2d at 374 (citation omitted). The Plaintiff argues that the Fourth Circuit conclusively determined that under Virginia law, there is no coverage for violations of the Telephone Consumer Protection Act under a policy with materially similar language to the policy at issue in this case. Pl.'s Opp'n at 6 (citing *Resource Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631 (4th Cir. 2005)). However, the Plaintiff does not address FDS Restaurant's allegation that the Plaintiff waived its right to or is estopped from contesting coverage because it failed to offer All Plumbing or Shafik the option of selecting independent counsel in the underlying action and failed to advise them of a conflict of interest. Def.'s Proposed Answer, ECF No. [18-6], at 10. This allegation, if proven at trial, would constitute a

7

complete defense, and thus provides a sufficient basis on which to vacate the entry of default.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds the entry of default against FDS Restaurant should be vacated.  FDS Restaurant was properly served with process, but did not willfully fail to respond to the Complaint.  Cincinnati Insurance did not identify any prejudice from FDS Restaurant's delay in appearing in this action, and FDS Restaurant's proposed responsive pleading asserts a meritorious defense.  Accordingly, FDS Restaurant's [18] Motion to Vacate Default, and for Leave to File, *Instanter*, Its Responsive Pleading is GRANTED and Cincinnati Insurance's [16] Motion for Default Judgment as to all Defendants is DENIED.

An appropriate Order accompanies this Memorandum Opinion.


_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE