UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>ALL PLUMBING, INC. SERVICE, PARTS INSTALLATION, *et al*.,<br><br>    Defendants. | Civil Action No. 12-851 (CKK) |

**MEMORANDUM OPINION**
(October 18, 2013)

Plaintiff The Cincinnati Insurance Company filed suit against Defendants All Plumbing, Inc. Service, Parts, Installation ("All Plumbing"), Mr. Kabir Shafik ("Shafik"),[1] and FDS Restaurant, Inc., seeking a declaratory judgment that the Plaintiff owes no duty to defend or indemnify All Plumbing and Shafik in connection with a class action lawsuit filed by FDS Restaurants ("FDS") against All Plumbing and Shafik in the Superior Court for the District of Columbia ("Superior Court"). Presently before the Court are the Defendant's and the Plaintiff's Cross-Motions for Summary Judgment. Upon consideration of the pleadings,[2] the relevant legal authorities, and the record as a whole, the Court finds that Cincinnati Insurance failed to properly

---

[1] All Plumbing and Kabir Shafik are not involved in the present action as the Court entered a Default Judgment against them on September 20, 2012, for failure to plead or otherwise defend this action although served with summons and a copy of the complaint on June 1, 2012. *See* September 20, 2012 Entry of Default, ECF No. [14].

[2] The Court's decision is based on the record as a whole, but the Court's analysis focused on the following documents, listed in chronological order of filing: Pl.'s Mot. for Summ. J. ("Pl.'s Mot."), ECF No. [30]; Def.'s Mot. for Summ. J. ("Def.'s Mot."), ECF No. [31]; Pl.'s Opp'n to Def.'s Mot. for Summ. J., ECF No. [32]; Def.'s Opp'n to Pl.'s Mot. for Summ. J., ECF No. [33]; Def.'s Reply in Support of Mot. for Summ. J., ECF No. [34]; Pl.'s Reply in Support of Mot. for Summ. J., ECF No. [35].

reserve its rights upon assuming the defense of All Plumbing and Shafik and is thus now precluded from disclaiming coverage of any judgment in FDS' action against All Plumbing and Shafik. Accordingly, the Defendant's motion is GRANTED and the Plaintiff's motion is DENIED.

## I. BACKGROUND

*A. Procedural Background*

The parties have stipulated to the facts related to the issue the Court is deciding. *See* Joint Stipulation of Facts ("Stip."), ECF No. [27].

Cincinnati Insurance issued a commercial insurance policy to All Plumbing effective from March 3, 2006, to March 3, 2007, providing general liability coverage up to $1 million for each occurrence and $2 million in aggregate. Stip., ¶ 3. In September 2010, Love the Beer, Inc., ("Love") filed a putative class action against All Plumbing and Shafik in Superior Court alleging that on or about September 22, 2006, All Plumbing and Shafik sent unsolicited faxes to Love the Beer and others in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *Id.* at ¶ 6; *see* Stip., Ex. B (*Love the Beer* Compl.).

The *Love the Beer* action was served on All Plumbing and Shafik on November 5, 2010. Stip. ¶ 7. Cincinnati Insurance alleges that All Plumbing and Shafik never notified Cincinnati Insurance of the *Love the Beer* action, but that counsel for Love contacted Cincinnati Insurance on November 15, 2011, and asked Cincinnati Insurance to defend the action. Stip. ¶ 12. By letter dated November 18, 2011, Cincinnati Insurance notified counsel for Love that coverage for the *Love the Beer* action may be barred under the policy, asserting that All Plumbing and Shafik failed to comply with certain of the Duties in the Event of a Claim or Suit conditions of the Policy. Stip. ¶ 14. On December 2, 2011, Cincinnati Insurance informed All Plumbing and

2

Shafik that it was assuming the defense of the *Love the Beer* action pursuant to a full and complete reservation of rights. Stip. ¶ 15; *see* Stip., Ex. J (Reservation of Rights letter).

On December 2, 2011, FDS Restaurant filed a second putative class action against All Plumbing and Shafik in Superior Court based on the same allegation of unsolicited faxes as at issue in the *Love the Beer* action. Stip. ¶ 16; *see* Stip., Ex. K (*FDS Restaurant* Compl.). A few weeks later, Cincinnati Insurance received a copy of the *FDS* complaint from FDS' counsel – the same counsel as in the *Love the Beer* action. Stip. ¶ 17. Cincinnati Insurance subsequently chose and retained counsel to defend All Plumbing and Shafik in the *FDS* action. Stip. ¶ 23.

On December 22, 2011, Love, in the *Love the Beer* action, moved for leave to file an amended complaint to eliminate the class action allegations from the *Love the Beer* action, limiting the claims to those of the named plaintiff. Stip. ¶ 18. The Superior Court granted Love's motion. Stip. ¶ 19. The Superior Court docket indicates the action was never certified as a class action, and was voluntarily dismissed by the plaintiff in advance of trial. *Love the Beer, Inc. v. All Plumbing Inc. Serv., Parts, Installation*, No. 2010 CA 006880 (D.C. Sup. Ct. dismissed June 11, 2012).

By letter dated February 16, 2012, Cincinnati Insurance informed counsel for FDS that coverage may be barred under the Policy due to the "terms, provisions, conditions and exclusions of the Policy, including the insured's failure to comply with the conditions requiring the prompt reporting of offenses, claims and suits." Stip. ¶ 21; *see* Stip., Ex. P. Cincinnati Insurance did not send a separate letter or oral communication to All Plumbing and Shafik that the defense of the *FDS* action that was being provided by Cincinnati Insurance was pursuant to a reservation of rights. Stip. ¶ 22.

All Plumbing and Shafik removed the action to this court on March 9, 2012. *FDS Restaurant, Inc. v. All Plumbing, Inc., Serv., Parts, Installation*, No. 12-394 (D.D.C. removed Mar. 9, 2012). Before this court, defense counsel for All Plumbing and Shafik filed an answer to FDS' complaint, *see* Defendant's Answer, *FDS Restaurant, Inc. v. All Plumbing, Inc., Service Parts, Installation et al*, No. 12-394 (D.D.C. March 19, 2012); an opposition to FDS' Motion for Class Certification, *see* Defendant's Opposition to Plaintiff's Amended Motion for Class Certification, *FDS Restaurant, Inc. v. All Plumbing, Inc., Service Parts, Installation et al*, No. 12-394 (D.D.C. March 19, 2012); an opposition to FDS' Motion to Remand the case to Superior Court, *see* Defendant's Opposition to Plaintiff's Motion to Remand to State Court, *FDS Restaurant, Inc. v. All Plumbing, Inc., Service Parts, Installation et al*, No. 12-394 (D.D.C. April 16, 2012); and agreed to stay the case pending resolution of FDS' Motion to Remand, *see FDS Restaurant, Inc. v. All Plumbing, Inc., Service Parts, Installation et al*, No. 12-394, Minute Order (D.D.C. April 4, 2012). Judge Rosemary M. Collyer remanded the case to Superior Court on September 14, 2012. *FDS Restaurant, Inc. v. All Plumbing, Inc., Service, Parts, Installation*, No. 12-394, Op. & Order (D.D.C. Sept. 14, 2012). The case was reopened by Superior Court in December 2012. FDS' Motion for Class Certification is now pending in Superior Court. Amended Motion for Class Certification, *FDS Restaurant v. All Plumbing Inc. Serv., Parts, Installation*, No. 2011 CA 009575 (D.C. Sup. Ct. Mar. 1, 2012). Cincinnati Insurance filed this action on May 21, 2012, seeking a declaratory judgment that it has no duty to defend All Plumbing and Shafik in the *FDS* Superior Court action. On May 9, 2013, the *FDS* action was stayed in Superior Court pending resolution of the present declaratory judgment action. *FDS Restaurant v. All Plumbing Inc. Serv., Parts, Installation*, No. 2011 CA 009575, (D.C. Sup. Ct. May 9, 2013).

*B. Motions for Summary Judgment*

The parties have filed Cross-Motions for Summary Judgment. Cincinnati Insurance requests the Court grant summary judgment in its favor because FDS' TCPA claims against All Plumbing and Shafik are not covered by the Policy and because All Plumbing and Shafik "substantially and materially breached their contractual obligation to timely notify Cincinnati of the dispute." *See generally* Pl.'s Mot. for Summ. J., ECF No. [29]. FDS argues that summary judgment should be awarded in its favor because the plain language of the Policy obligates Cincinnati Insurance to provide coverage for FDS' claims and because any delay in All Plumbing and Shafik notifying Cincinnati Insurance of the *FDS* action was not substantial or material. *See generally* Def.'s Mot. for Summ. J., ECF No. [31]. FDS also contends that, in any event, Cincinnati Insurance has waived any defense that coverage is barred under the Policy by assuming control of All Plumbing and Shafik's defense without a proper reservation of rights. *Id.* at 32. The question of whether Cincinnati Insurance has waived its right to disclaim coverage of the *FDS* action is a threshold question. As the Court finds that Cincinnati Insurance did not properly reserve its rights to disclaim coverage in the *FDS* action, the Court need not address the parties' other arguments.

## II. LEGAL STANDARD

The Plaintiff and the Defendant have filed cross-motions for summary judgment under Federal Rule of Civil Procedure 56. In determining a motion for summary judgment, "the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in a statement of genuine issues filed in opposition to the motion." Local Civil Rule 7(h). Here, the parties have filed a Joint Stipulation of Material

Facts, which sets forth the facts relevant to the issue the Court is presently deciding.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, the court may not make credibility determinations or weigh the evidence; the evidence must be analyzed in the light most favorable to the nonmoving party, with all justifiable inferences drawn in her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "If material facts are at issue, or, though undisputed, are susceptible to divergent inferences, summary judgment is not available." *Moore v. Hartman*, 571 F.3d 62, 66 (D.C. Cir. 2009) (citation omitted).

### III. DISCUSSION

*A. Choice of Law*

Because jurisdiction over the Plaintiff's claim is founded on diversity of citizenship, the Court must first determine which state law to apply and, in so doing, must apply this forum's choice of law rules – *i.e.*, the choice of law rules of the District of Columbia. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). Under the District of Columbia's rules, the Court first determines whether a "true conflict" exists between the laws of competing jurisdictions. *GEICO v. Fetisoff*, 958 F.2d 1137, 1141 (D.C. Cir. 1992); *Sloan v. Urban Title Services Inc.*, 689 F. Supp. 2d 94, 105 (D.D.C. 2010). Where no true conflict exists, a court applies the law of the District of Columbia by default. *GEICO*, 958 F.2d at 1141.

In their respective Motions for Summary Judgment, the Plaintiff argues that Virginia law should be applied to its claims, while the Defendant contends that District of Columbia law is controlling. However, no true conflict of laws exists in the case at bar as to the issue the Court is deciding. The law as pertains to the waiver of defenses to insurance coverage in the absence of a

reservation of rights is substantially similar in the District of Columbia and Virginia. *See, e.g., Norman v. Ins. Co. of N. Am.*, 218 Va. 718, 726 (Va. 1978); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Aetna Cas. & Sur. Co.*, 384 F.2d 316, 318 (D.C. Cir. 1967). Indeed, in their briefs, both parties admit that Virginia and District of Columbia law are "substantially similar with respect to the issues before the Court." Pl.'s Mot. for Summ. J., at 16 n.2, 39; *see also* Def.'s Mot. for Summ. J., at 16. Accordingly, the Court shall apply the law of the District of Columbia to the parties' claims.

*B. Reservation of Rights*

In its Motion for Summary Judgment, FDS contends that Cincinnati Insurance waived its ability to disclaim coverage under the terms of the Policy because it assumed All Plumbing and Shafik's defense without properly reserving its rights. In response, Cincinnati Insurance argues that it reserved its rights in the *FDS* action when it provided All Plumbing and Shafik a full and complete reservation of rights in the December 2, 2011, letter that it sent All Plumbing and Shafik in regards to coverage concerns in the *Love the Beer* action. *See* Stip., Ex. J. Cincinnati Insurance reasons that since FDS was a member of the putative class of persons identified in the *Love the Beer* complaint and the complaint involved the same underlying TCPA cause of action as alleged in the *FDS* action, the December 2, 2011, letter reserved its right as to claims asserted on behalf of every member of the class, including FDS. Moreover, Cincinnati Insurance contends that, in any event, the filing of the present declaratory judgment action "adequately informed All Plumbing and Shafik of the coverage issues" and thus it cannot be estopped from disclaiming coverage because All Plumbing and Shafik were not prejudiced by any inadequacy in reserving its rights.

It is "well settled that an insurer undertaking the defense of an insured against a litigious

assertion of an unprotected liability, without a disclaimer of contractual responsibility and a suitable reservation of its rights, is foreclosed from thereafter taking refuge in the policy provisions exempting the liability from coverage." *Nat'l Union Fire Ins. Co. of Pittsburgh*, 384 F.2d at 318; *see also Diamond Service Co., Inc. v. Utica Mut. Ins. Co.*, 476 A.2d 648, 655 (D.C. 1984) ("a liability insurer assuming and conducting the defense of an action brought against the insured, with knowledge of a ground of forfeiture and without disclaiming liability and giving notice of its reservation of rights, is thereafter precluded, in an action upon the policy, from setting up such ground of forfeiture." (internal citations omitted)). This rule was created to protect the insured from being denied the ability to control and manage his or her own case without delay – most importantly the claims not covered by the insurance company – in the event the insured may be required to pay any final judgment. *See Walker v. American Ice Co.*, 254 F. Supp. 736, 742 (D.D.C. 1966); *Athridge v. Aetna Cas. & Sur. Co.*, --- F. Supp. 2d --- , 2006 WL 2844690, *2 (D.D.C 2006). Consequently, when an insurer assumes control of the insured's defense without a proper reservation of rights, "prejudice is presumed as a matter of law" "by virtue of the insurer's assumption of the defense." *Walker*, 254 F. Supp. at 742.

Cincinnati Insurance contends that the reservation of rights letter sent to All Plumbing and Shafik on December 2, 2011, shortly after receiving notice of the *Love the Beer* action and prior to receiving notice of the *FDS* action, was a full and proper reservation of rights in the *FDS* action. The December 2, 2011, letter, however, cannot serve as a reservation of rights in the present action because, by its own wording, the letter exclusively addressed coverage concerns relating to Cincinnati Insurance's defense of the *Love the Beer* action. Despite the many similarities in the *Love the Beer* and *FDS* actions, they remain two distinct lawsuits. Moreover, contrary to Cincinnati Insurance's claim, the *Love the Beer* action was never certified as a class

action, consequently FDS was never even a party to the action. Consequently, Cincinnati Insurance did not communicate to All Plumbing and Shafik a reservation of rights in the *FDS* action by its December 2, 2011 letter.

In its Motion for Summary Judgment, FDS argues that the only potential reservation of rights letter issued by Cincinnati Insurance in relation to the *FDS* action was a letter sent by Cincinnati Insurance on February 16, 2012, to counsel for FDS stating that coverage may be barred under the Policy due to the "terms, provisions, conditions and exclusions of the Policy, including the insured's failure to comply with the conditions requiring the prompt reporting of offenses, claims and suits." Stip. ¶ 21; Stip. Ex. P. This letter cannot be considered a proper reservation of rights in the *FDS* action because it was sent to the Defendant's counsel and not to the insured. An insurer's obligation to provide notification of its reservation of rights under an insurance policy is to the insured, not to the party seeking a judgment from the insured. *See Walker,* 254 F. Supp. at 742; *Diamond*, 476 A.2d at 655. The entire purpose of a reservation of rights letter – to notify the insured that the insurer may disclaim liability so the insured can make their own timely decision about how they want to defend against the claim – is defeated when a reservation of rights letter is sent only to opposing counsel. *See Athridge*, 2006 WL 2844690, at *2. In any event, Cincinnati insurance does not rely on the February 16, 2012, letter as evidence that it reserved its rights and, indeed, clarifies that this letter is "distinct from a reservation letter" in its Opposition to Defendant's Motion for Summary Judgment. *See* Pl.'s Opp. to Def.'s Mot. for Summ. J., at 40 n. 12. Accordingly, Cincinnati Insurance did not communicate any reservation of rights to All Plumbing and Shafik upon assuming the defense against FDS' claims and prejudice to All Plumbing and Shafik is presumed.

Cincinnati Insurance contends, however, that, even if this Court finds that it assumed the

defense of the *FDS* action without a reservation of rights, All Plumbing and Shafik were adequately informed of the coverage issues in the *FDS* action upon being served with the present declaratory judgment action on June 1, 2012. Cincinnati Insurance argues that since the *FDS* action "was still in its infancy" at the time it filed the declaratory judgment action, All Plumbing and Shafik sustained no prejudice and, accordingly, Cincinnati Insurance cannot be considered estopped from asserting any defenses to coverage. The presumption of prejudice that attaches when an insurer assumes the defense of an action without reserving its rights can be rebutted. *See Nat'l Union Fire Ins. Co. of Pittsburgh*, 384 F.2d at 318 ("We consider an application of this [preclusionary] rule abundantly justified whenever . . . the insurer has not demonstrated affirmatively that assumption of the defense was nonprejudicial."); *Athridge v. Aetna Cas. & Sur. Co.*, 604 F.3d 625, 630 (D.C. Cir. 2010) ("An insured may be entitled to a rebuttable presumption of prejudice, depending on the amount of control the insurer exercised over the defense."). In its opposition to FDS' Motion for Summary Judgment, Cincinnati Insurance's only demonstration that its assumption of the defense without a reservation of rights was nonprejudicial is that the *FDS* action "was still in its infancy" when it disclaimed coverage through its declaratory judgment action. However, a review of the record demonstrates that Cincinnati Insurance took important actions in defense of All Plumbing and Shafik in the approximately five-month period between assuming the defense and disclaiming liability. Notably, the defense counsel chosen and hired by Cincinnati Insurance filed an answer to FDS' complaint, successfully moved to remove the action from Superior Court to federal court, filed an opposition to FDS' motion for class certification, opposed FDS' motion to remand the case to Superior Court, and agreed to stay the case pending resolution of FDS' motion to remand. These are all important strategic actions in the life of a lawsuit that impacted the availability and nature

of All Plumbing and Shafik's defenses. *Compare with Diamond*, 476 A.2d at 656 (no prejudice found where the only actions undertaken by the insurer were to advise the defendant on answering interrogatories and to file an answer to the amended complaint).

Some jurisdictions have specifically found that the filing of a declaratory judgment action can preserve an insurer's defenses to coverage even without a prior reservation of rights. *See, e.g., State Farm Mut. Auto Ins. Co. v. Kay*, 26 Utah 2d 195, 198 (Utah 1971); *Am. & Foreign Ins. Co. v. Church Schools in the Diocese of Va.*, 645 F. Supp. 628, 635 (E.D.V.A. 1986). However, in these cases, the insurer disclaimed coverage only a couple months after assuming the defense of the case and after only very preliminary actions were taken as part of the defense. In the present case, Cincinnati Insurance controlled the defense of the *FDS* action for approximately five months before disclaiming coverage and, as discussed above, undertook several important defensive actions. *See Columbia Cas. Co. v. Columbia Hosp. for Women*, 633 F.Supp. 697, 699 (D.D.C. 1986) (finding that insured's three-month delay in notifying defendants that it was reserving its rights was not prompt and raised factual questions material to a finding of waiver or estoppel). Although it is well settled that "an insurer has a reasonable time to investigate the facts to determine its acceptance of liability" even after assuming the insured's defense, *Diamond*, 476 A.2d at 656 (internal citations omitted), the five-month delay was not justified by Cincinnati Insurance's need to investigate the facts surrounding the *FDS* action. From the time it assumed the defense in the *FDS* action, Cincinnati Insurance knew of potential grounds of forfeiture and noncoverage. According to Cincinnati Insurance in its Opposition to Defendant's Motion for Summary Judgment, prior to assuming the defense in the *FDS* action, it had already investigated the facts in the *Love the Beer* action, which Cincinnati Insurance argues are similar to the facts in the underlying *FDS* action, and had identified coverage concerns related to those

11

facts, as evidenced by its December 2, 2011 letter in the *Love the Beer* action. *See* Pl.'s Opp. to Def.'s Mot. for Summ. J., at 39-40. Thus, the five-month delay in which All Plumbing and Shafik were without notice that Cincinnati Insurance—who was already defending the claim—would disclaim coverage, was not justified. *See Capital Specialty Ins. Corp. v. Sanford Wittels & Heisler, LLP*, 793 F. Supp. 2d 399, 412 n.8 (D.D.C. 2011) ("a reservation of rights is sufficient as long as the insurer conducts an investigation and analysis with 'reasonable diligence and promptly notifies the insured' once the process is complete." (citing *Central Armature Works, Inc. v. American Motorists Inc. Co.*, 520 F. Supp. 283, 288 n.4 (D.D.C. 1980))).

Accordingly, Cincinnati Insurance has failed to rebut the presumption of prejudice and is found to have waived all defenses to coverage by assuming the defense of All Plumbing and Shafik without a reservation of rights. *See Columbia Cas. Co.*, 633 F.Supp. at 699 (holding that insurer's delay in reserving its rights and defense of defendant prior to reserving its rights raised a factual question as to whether the insurer waived or was estopped from disclaiming coverage on the basis that the insured failed to properly notify the insurer of the underlying claim); *Nat'l Union Fire Ins. Co. of Pittsburgh,* 384 F.2d at 318 (holding that, in the absence of a suitable reservation of rights, the insured was precluded from disclaiming liability on the basis that the claim was outside the coverage of the policy).

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Cincinnati Insurance's failure to properly reserve its rights and five-month delay in disclaiming coverage while controlling important actions in All Plumbing and Shafik's defense precludes Cincinnati Insurance from asserting any defenses to coverage of the *FDS* action. Accordingly, the Defendant's [31] Motion for Summary Judgment is GRANTED and the Plaintiff's [29] Motion for Summary Judgment is DENIED.

An appropriate Order accompanies this Memorandum Opinion.

/s/
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE