UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>ALL PLUMBING, INC. SERVICE, PARTS INSTALLATION, *et al.*,<br><br>    Defendants. | Civil Action No. 12-851 (CKK) |

**MEMORANDUM OPINION**
(August 18, 2014)

Presently before the Court is Plaintiff's [38] Motion for Reconsideration and Clarification. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion. Specifically, the Court DENIES Plaintiff's request for reconsideration of the conclusions in its previous Memorandum Opinion and Order. However, the Court clarifies two issues left unaddressed by its previous Memorandum Opinion and Order. First, Plaintiff's failure to properly reserve its rights in the *FDS* action does not prevent it from asserting the $1,000 deductible with regard to Coverage A under the Primary Coverage Part of the Policy. Second, even though it failed to properly reserve its rights under the Primary Coverage Part of the Policy,

---

[1] The Court's decision is based on the record as a whole, but the Court's analysis focused on the following documents, listed in chronological order of filing: Pl.'s Mot. for Reconsideration and Clarification ("Pl.'s Mot."), ECF No. [38]; Pl.'s Mem. in Supp. of its Mot. for Reconsideration and Clarification ("Pl.'s Mem."), ECF No. [38-1]; Def.'s Brief in Opp'n to Pl.'s Mot. for Reconsideration and Clarification ("Def.'s Opp'n"), ECF No. [40]; Pl.'s Reply Mem. in Supp. of its Mot. for Reconsideration and Clarification ("Pl.'s Reply"), ECF No. [41]; Pl.'s Notice of Supplemental Authority, ECF No. [42].

Plaintiff is not precluded from asserting coverage defenses under the Excess Coverage Part of the Policy.

## I. BACKGROUND

The Court draws the following facts from the Joint Stipulation of Facts filed by the parties in conjunction with their cross-motions for summary judgment. *See* Joint Stipulation of Facts ("Stip."), ECF No. [27]. Cincinnati Insurance issued a commercial insurance policy to All Plumbing effective from March 3, 2006, to March 3, 2007, providing general liability coverage up to $1 million for each occurrence and $2 million in aggregate. Stip. ¶ 3. In September 2010, Love the Beer, Inc., ("Love") filed a putative class action against All Plumbing and Shafik in the Superior Court of the District of Columbia ("Superior Court") alleging that on or about September 22, 2006, All Plumbing and Shafik sent unsolicited faxes to Love the Beer and others in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *Id.* at ¶ 6; *see* Stip., Ex. B (*Love the Beer* Compl.).

The *Love the Beer* action was served on All Plumbing and Shafik on November 5, 2010. Stip. ¶ 7. Cincinnati Insurance alleges that All Plumbing and Shafik never notified Cincinnati Insurance of the *Love the Beer* action, but that counsel for Love contacted Cincinnati Insurance on November 15, 2011, and asked Cincinnati Insurance to defend the action. Stip. ¶ 12. By letter dated November 18, 2011, Cincinnati Insurance notified counsel for Love that coverage for the *Love the Beer* action may be barred under the Policy, asserting that All Plumbing and Shafik failed to comply with certain of the Duties in the Event of a Claim or Suit conditions of the Policy. Stip. ¶ 14. On December 2, 2011, Cincinnati Insurance informed All Plumbing and Shafik that it was assuming the defense of the *Love the Beer* action pursuant to a full and complete reservation of rights. Stip. ¶ 15; *see* Stip., Ex. J (Reservation of Rights letter).

On December 2, 2011, FDS Restaurant filed a second putative class action against All Plumbing and Shafik in Superior Court based on the same allegation of unsolicited faxes as at issue in the *Love the Beer* action. Stip. ¶ 16; *see* Stip., Ex. K (*FDS Restaurant* Compl.). A few weeks later, Cincinnati Insurance received a copy of the *FDS* complaint from FDS' counsel – the same counsel as in the *Love the Beer* action. Stip. ¶ 17. Cincinnati Insurance subsequently chose and retained counsel to defend All Plumbing and Shafik in the *FDS* action. Stip. ¶ 23.

On December 22, 2011, Love, in the *Love the Beer* action, moved for leave to file an amended complaint to eliminate the class action allegations from the *Love the Beer* action, limiting the claims to those of the named plaintiff. Stip. ¶ 18. The Superior Court granted Love's motion. Stip. ¶ 19. The Superior Court docket indicates the action was never certified as a class action, and was voluntarily dismissed by the plaintiff in advance of trial. *Love the Beer, Inc. v. All Plumbing Inc. Serv., Parts, Installation*, No. 2010 CA 006880 (D.C. Sup. Ct. dismissed June 11, 2012).

By letter dated February 16, 2012, Cincinnati Insurance informed counsel for FDS that coverage may be barred under the Policy due to the "terms, provisions, conditions and exclusions of the Policy, including the insured's failure to comply with the conditions requiring the prompt reporting of offenses, claims and suits." Stip. ¶ 21; *see* Stip., Ex. P. Cincinnati Insurance did not send a separate letter or oral communication to All Plumbing and Shafik that the defense of the *FDS* action that was being provided by Cincinnati Insurance was pursuant to a reservation of rights. Stip. ¶ 22.

All Plumbing and Shafik removed the action to this court on March 9, 2012. *FDS Restaurant, Inc. v. All Plumbing, Inc., Serv., Parts, Installation*, No. 12-394 (D.D.C. removed Mar. 9, 2012). Before this court, defense counsel for All Plumbing and Shafik filed an answer to

3

FDS' complaint, *see* Defendant's Answer, *FDS Restaurant, Inc. v. All Plumbing, Inc., Service Parts, Installation et al*, No. 12-394 (D.D.C. March 19, 2012); an opposition to FDS' Motion for Class Certification, *see* Defendant's Opposition to Plaintiff's Amended Motion for Class Certification, *FDS Restaurant, Inc. v. All Plumbing, Inc., Service Parts, Installation et al*, No. 12-394 (D.D.C. March 19, 2012); an opposition to FDS' Motion to Remand the case to Superior Court, *see* Defendant's Opposition to Plaintiff's Motion to Remand to State Court, *FDS Restaurant, Inc. v. All Plumbing, Inc., Service Parts, Installation et al*, No. 12-394 (D.D.C. April 16, 2012); and agreed to stay the case pending resolution of FDS' Motion to Remand, *see FDS Restaurant, Inc. v. All Plumbing, Inc., Service Parts, Installation et al*, No. 12-394, Minute Order (D.D.C. April 4, 2012). Judge Rosemary M. Collyer remanded the case to Superior Court on September 14, 2012. *FDS Restaurant, Inc. v. All Plumbing, Inc., Service, Parts, Installation*, No. 12-394, Op. & Order (D.D.C. Sept. 14, 2012). The case was reopened by Superior Court in December 2012. FDS' Motion for Class Certification is now pending in Superior Court. Amended Motion for Class Certification, *FDS Restaurant v. All Plumbing Inc. Serv., Parts, Installation*, No. 2011 CA 009575 (D.C. Sup. Ct. Mar. 1, 2012). Cincinnati Insurance filed this action on May 21, 2012, seeking a declaratory judgment that it has no duty to defend All Plumbing and Shafik in the *FDS* Superior Court action. On May 9, 2013, the *FDS* action was stayed in Superior Court pending resolution of this declaratory judgment action. *FDS Restaurant v. All Plumbing Inc. Serv., Parts, Installation*, No. 2011 CA 009575, (D.C. Sup. Ct. May 9, 2013).

    The parties subsequently filed Cross-Motions for Summary Judgment in this case. *See* Pl.'s Mot. for Summ. J., ECF No. [30]; Def.'s Mot. for Summ. J., ECF No. [31], As part of its motion for summary judgment, FDS contended that Cincinnati Insurance had waived any

defense that coverage is barred under the Policy by assuming control of All Plumbing and Shafik's defense without a proper reservation of rights. Def.'s Mot. for Summ. J., ECF No. [31] at 32. In ruling on these cross-motions, the Court recognized that the question of whether Cincinnati Insurance has waived its right to disclaim coverage of the *FDS* action was a threshold question in this litigation. *See* Mem. Op., ECF No. [37] at 4. The Court concluded that Cincinnati Insurance did not properly reserve its rights to disclaim coverage in the *FDS* action, and therefore the Court did not address the parties' other arguments. *Id.*

Cincinnati Insurance subsequently filed the present [38] Motion for Reconsideration and Clarification. Plaintiff seeks reconsideration of this Court's prior conclusions on two grounds. First, Plaintiff argues that the *Love the Beer* action, which was brought as a putative class, encompassed the claims of FDS, such that the reservation of rights in the *Love the Beer* action also applies to the separate *FDS* action, also brought as a putative class action. Pl.'s Mem. at 2-3. Second, Plaintiff contends that, even if it failed to properly reserve its rights in the *FDS* action, the Court erred in concluding that there was prejudice to All Plumbing and Shafik from Cincinnati Insurance's assumption of the defense of the *FDS* action without a reservation of rights, as this conclusion relied on disputed facts and/or adverse inferences from the stipulated facts. *Id.* at 5. Plaintiff's motion also seeks clarification as to two issues left unaddressed by the Court's prior Memorandum Opinion. First, Cincinnati Insurance seeks clarification that, even despite its failure to properly reserve its rights, it is not barred from asserting the $1,000 deductible provision in Coverage A of the Primary Coverage Part of the Policy. *Id.* at 3. Second, Cincinnati Insurance requests that the Court clarify that the Court's previous rulings does not preclude it from asserting coverage defenses under the Excess Coverage Part of the Policy. *Id.* at 4-5.

## II. LEGAL STANDARD

Although Cincinnati Insurance's motion does not set explicitly out a legal basis for the relief sought, the Court understands Plaintiff to be seeking relief under either Rule 59(e) or Rule 60(b). Federal Rule of Civil Procedure 59(e) permits a party to file "[a] motion to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Motions under Rule 59(e) are "disfavored" and the moving party bears the burden of establishing "extraordinary circumstances" warranting relief from a final judgment. *Niedermeier v. Office of Baucus*, 153 F.Supp.2d 23, 28 (D.D.C. 2001). Rule 59(e) motions are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks omitted). Rule 59(e) does not provide a vehicle "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (quoting 11 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff also appears to be seeking relief under Rule 60(b). Rule 60(b) provides that the Court "may relieve a party . . . from a final judgment, order, or proceeding" for various reasons. Fed. R. Civ. P. 60(b). Plaintiff does not specify the portion of Rule 60(b) under which he seeks relief. However, the case cited by Plaintiff in arguing that Rule 60(b) relief is appropriate here involves relief pursuant to Rule 60(b)(6). *See* Pl.'s Reply at 2 (citing *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)). Accordingly, the Court will consider the motion under this provision. Rule 60(b)(6) permits a court to grant relief from a final judgment for "any other reason justifying relief." Fed. R. Civ. P. 60(b)(6). Motions under this subsection

should not be granted unless the movant can show "'extraordinary circumstances' justifying the reopening of a final judgment." *Salazar ex rel. Salazar v. Dist. of Columbia*, 633 F.3d 1110, 1116 (D.C. Cir. 2011) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005)). The D.C. Circuit has "similarly observed that Rule 60(b)(6) 'should be only sparingly used' and may not 'be employed simply to rescue a litigant from strategic choices that later turn out to be improvident.'" *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007) (quoting *Good Luck Nursing Home*, 636 F.2d at 577). Further, claims under Rule 60(b)(6) must not be "premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988). "Rule 60(b)(6) does not provide an opportunity to relitigate a motion brought unsuccessfully under one of the other provisions of Rule 60(b)." *Green v. American Federation of Labor, and Congress of Industrial Organizations*, 287 F.R.D. 107, 109 (D.D.C. 2012) (citing *Kramer*, 481 F.3d at 792).

### III. DISCUSSION

#### 1. Grounds for Reconsideration

The Court first addresses Plaintiff's two arguments seeking reconsideration of the Court's previous Memorandum Opinion and Order. First, Plaintiff argues that the *Love the Beer* action, which was brought as a putative class, encompassed the claims of FDS, such that the reservation of rights in the *Love the Beer* action also applies to the separate *FDS* action, also brought as a putative class action. Pl.'s Mem. at 2-3. Second, Plaintiff contends that, even if it failed to properly reserve its rights in the *FDS* action, the Court relied on disputed facts and/or adverse inferences to find prejudice to All Plumbing and Shafik from Cincinnati Insurance's assumption of the defense of the *FDS* action without a reservation of rights. *Id.* at 5. For the reasons discussed below, the Court concludes that neither argument justifies reversing the Court's

7

previous rulings.

### A. Relevance of Class Allegations

Cincinnati Insurance contends that, even though the *Love the Beer* action had not been certified as a class action at the time it reserved its rights, Cincinnati Insurance was obligated to accept the allegations in the *Love the Beer* action as true – including the existence of the putative class alleged. *Id.* at 2. As an initial matter, the Court notes that Cincinnati Insurance previously raised this argument and that it was rejected by the Court. *See* Mem. Op., ECF No. [37] at 7. ("Cincinnati Insurance reasons that since FDS was a member of the putative class of persons identified in the *Love the Beer* complaint and the complaint involved the same underlying TCPA cause of action as alleged in the *FDS* action, the December 2, 2011, letter reserved its right as to claims asserted on behalf of every member of the class, including FDS."). As noted, Rule 59(e) does not provide a vehicle "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co.*, 554 U.S. at 485 n. 5 (quoting 11 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)). Similarly, Rule 60(b)(6) relief is inappropriate where Plaintiff "merely reargue[s] the theory he originally advanced." *Bailey v. U.S. Marshall Serv.*, Nos. 08-0283, 08-0754, 2009 WL 973197, at *2 (D.D.C. Apr. 2, 2009). The fact that Plaintiff is attempting to reargue a contention addressed by the Court in its previous Memorandum Opinion is itself sufficient to deny Plaintiff's request for reconsideration. Nevertheless, the Court will reiterate its reasons for rejecting this argument.

The Court agrees with Cincinnati Insurance that it was obligated to accept the well-pleaded allegations in the *Love the Beer* action as true, but this conclusion does not compel the result Cincinnati Insurance seeks. Under Cincinnati Insurance's view, its reservation of rights in

8

the *Love the Beer* action, occurring well before any certification of the then-amorphous class of plaintiffs, would operate as a one-time, universal reservation of rights, effective in *any* TCPA action against All Plumbing and Shafik brought by anyone who received an unsolicited fax from All Plumbing and Shafik from September 14, 2006 to September 14, 2010. Cincinnati Insurance reasons that its reservation of rights with respect to the *Love the Beer* action effectively advised All Plumbing and Shafik that any defense of the claims of the putative class, including the FDS claims, was subject to the reservation of rights. In the Court's opinion, this goes too far. Certainly, the Court is willing to agree with Cincinnati Insurance that if the *Love the Beer* action had ultimately been certified as a class action, Cincinnati Insurance would not have been required to issue a new reservation of rights as to all members of the class other than Love the Beer. This is the result of Cincinnati Insurance's taking the putative class allegations pled in the *Love the Beer* action as true. But in a situation such as this, where the class is never certified, the reservation of rights cannot serve as an eternal and universal notice to All Plumbing and Shafik that Cincinnati Insurance reserves its rights in any similar, but concededly separate, litigation. Indeed, taken to its logical conclusion, Cincinnati Insurance's position could produce strange results. Imagine a situation where, after an insurer issues a reservation of rights in a case involving a putative class, class certification is denied. If the defendant in the original lawsuit then faces numerous lawsuits from individual plaintiffs, and the insurer undertakes a separate defense of each of these actions, it seems decidedly reductive to say that the original reservation of rights lawsuit covers *every single one* of these lawsuits. As the Court noted in its previous Memorandum Opinion, "[t]he entire purpose of a reservation of rights letter [is] to notify the insured that the insurer may disclaim liability so the insured can make their own timely decision about how they want to defend against the claim . . . ." Mem. Op., ECF No. [37] at 9. Here this

9

purpose could be defeated if an insurer were permitted to issue a global reservation of rights letter to cover subsequently filed lawsuits by any and all potential members of a class. Yet this is the result of Cincinnati Insurance's position that its reservation of rights in the *Love the Beer* action is effective in a subsequent action brought by any and all members of the putative class in the *Love the Beer* action. Cincinnati Insurance points the Court to no case compelling a different conclusion. Therefore, in the Court's view, the better rule, certainly the clearer and simpler rule, is the one set out in the Court's previous Memorandum Opinion – a separate lawsuit requires a separate reservation of rights. As the Court noted in its previous Memorandum Opinion, "[d]espite the many similarities in the *Love the Beer* and *FDS* actions, they remain two distinct lawsuits" and because "the *Love the Beer* action was never certified as a class action . . . FDS was never even a party to the action."[2] Mem. Op., ECF No. [37] at 8-9.

Cincinnati Insurance also argues that there is "an inherent inconsistency between the Court's conclusion that FDS was never even a party to the *Love the Beer* action and FDS' reliance on the *Love the Beer* action for purposes of tolling the statute of limitations in the underlying FDS action." Pl.'s Mot. at 2-3. *See also Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353-54 (1983) ("the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been

---

[2] In the portion of its Reply brief addressing this issue, Cincinnati Insurance argues that treating the *Love the Beer* action and the *FDS* action as one lawsuit for purposes of Cincinnati Insurance's reservation of rights is "in keeping with the equities" because "there is no basis on which to conclude that All Plumbing and Shafik did not know of coverage issues or were prejudiced by Cincinnati's assumption of the defense of the *FDS* action without a separate letter reiterating those previously identified issues." Pl.'s Reply at 4-5. Because this contention goes more to Cincinnati's separate argument for reconsideration that All Plumbing and Shafik were not prejudiced by Cincinnati Insurance's failure to properly reserve its rights in the *FDS* action, the Court addresses this argument, *infra*, in its discussion of this alternative basis for reconsideration.

permitted to continue as a class action.") (quoting *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974)). Cincinnati Insurance argues that if FDS' claim was not part of the *Love the Beer* action, then FDS should be precluded from relying on the *Love the Beer* action to establish the timeliness of the *FDS* action, mooting the claim for coverage at issue in those proceedings. The Court notes that the timeliness of the underlying *FDS* action is a question not before this Court, but rather is a question to be addressed as part of the merits of the *FDS* action in the Superior Court of the District of Columbia. Moreover, the fact that the *Love the Beer* action tolled the statute of limitations for putative class members does not compel the result Cincinnati Insurance seeks – that the two separate cases are in fact a *single* case for purposes of Cincinnati Insurance's reservation of rights. As the Court concluded in its previous Memorandum Opinion and Order, the *Love the Beer* action and the *FDS* action are still two separate lawsuits, even if similar in allegations. Cincinnati Insurance's statute of limitations argument does not persuade the Court that this conclusion was erroneous. Accordingly, the Court denies Cincinnati Insurance's request for reconsideration of this component of its previous Memorandum Opinion and Order.

**B. Lack of Prejudice to All Plumbing and Shafik**

As an additional basis for reconsideration, Cincinnati Insurance argues that "assuming arguendo that the denial of its motion was proper, it was error to grant the cross-motion for summary judgment against it." Pl.'s Mot. at 5. Cincinnati Insurance contends that the Court's previous ruling "relied on disputed facts and/or adverse inferences drawn from the stipulated facts." *Id.* Essentially, Cincinnati Insurance argues that the Court erred in concluding that there was prejudice to All Plumbing and Shafik from Cincinnati Insurance's assumption of the defense of the *FDS* action without a reservation of rights.

11

The Court notes again, as it did in its previous Memorandum Opinion, that an insurer's assumption of the defense of an action creates a rebuttable presumption of prejudice. *See Athridge v. Aetna Cas. & Sur. Co.*, 604 F.3d 625, 630 (D.C. Cir. 2010) ("An insured may be entitled to a rebuttable presumption of prejudice, depending on the amount of control the insurer exercised over the defense."); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Aetna Cas. & Sur. Co.*, 384 F.2d 316, 318 (D.C. Cir. 1967) ("We consider an application of this [preclusionary] rule abundantly justified whenever . . . the insurer has not demonstrated affirmatively that assumption of the defense was nonprejudicial."). Here, once the Court concluded that Cincinnati Insurance had not properly reserved its rights in the *FDS* action, a rebuttable presumption of prejudice attached. Although Cincinnati Insurance was the non-moving party as to this issue (as FDS was arguing that summary judgment was appropriate because Cincinnati Insurance had failed to reserve its rights), Cincinnati Insurance nevertheless was obligated to offer evidence rebutting this presumption, and show that a genuine issue of material fact existed as to this point. Cincinnati Insurance did not meet this burden at the summary judgment stage. As the Court noted in its previous Memorandum Opinion, "Cincinnati Insurance's only demonstration that its assumption of the defense without a reservation of rights was nonprejudicial is that the *FDS* action 'was still in its infancy' when it disclaimed coverage through its declaratory judgment action." Mem. Op., ECF No. [37] at 10 (quoting Pl.'s Opp'n to Def.'s Mot. for Summ. J., ECF No. [32] at 41). Relying on the Joint Stipulation of Facts filed by the parties, the Court concluded that this single argument was insufficient to rebut the presumption of prejudice. *Id.* R 10-11. The Court noted that in the approximately five-month period between assuming the defense and disclaiming liability, defense counsel chosen and hired by Cincinnati Insurance made tactical decisions on behalf of its clients, including filing an answer to FDS' complaint,

12

moving to remove the action from Superior Court to federal court, filing an opposition to FDS' motion for class certification, opposing FDS' motion to remand the case to Superior Court, and agreeing to stay the case pending resolution of FDS' motion to remand. *Id.* These facts, agreed to by the parties, belied Cincinnati Insurance's blithe assertion of no prejudice on the basis that the action was "still in its infancy" and therefore the Court concluded that Cincinnati Insurance had "failed to rebut the presumption of prejudice . . . ." *Id.* at 12.

In its present motion, apparently recognizing that its previous argument as to this point was plainly inadequate, Cincinnati seeks a second bite at the apple. For the first time, Cincinnati Insurance argues that "[t]here were disputed material facts concerning, *inter alia*, All Plumbing and Shafik's knowledge of Cincinnati's position concerning coverage and the existence of any harm from conduct of the defense of the FDS action prior to the filing of the declaratory judgment action." Pl.'s Mot. at 5. Yet this new argument comes too late. A motion for reconsideration cannot be used as "a vehicle for presenting theories or arguments that could have been advanced earlier." *Estate of Gaither ex rel. Gaither v. District of Columbia*, 771 F.Supp.2d 5, 10 (D.D.C. 2011). Importantly, Cincinnati Insurance does not contend that it cited these allegedly disputed facts at the summary judgment stage in arguing for a lack of prejudice, only to have the Court overlook them. Nor does Cincinnati Insurance offer any reason as to why these arguments could not have been made earlier. Rather, in its summary judgment briefing, Cincinnati Insurance failed to point to these allegedly disputed facts (or indeed any disputed facts) in arguing that the presumption of prejudice had been rebutted. Accordingly, the Court considered and rejected the only argument made for lack of prejudice, finding that Cincinnati Insurance had failed to rebut the presumption that inheres from a failure to issue a reservation of rights. Although Cincinnati Insurance now apparently believes there are other reasons

13

supporting its position, a motion for reconsideration is an improper means for correcting the shortcomings of prior briefing.

Cincinnati Insurance's newfound argument fails for an additional reason. Cincinnati Insurance doesn't actually specify the allegedly disputed facts showing prejudice in its motion, which contains only a few brief sentences on this point. Pl.'s Mot. at 5. Rather, Plaintiff saves the actual substance of its "lack of prejudice" argument for its reply brief, which, in contrast to the single paragraph on this point in Plaintiff's motion, contains pages of argument. Pl.'s Reply at 11-14. Again, Cincinnati Insurance has raised its arguments too late. "As a general matter, it is improper for a party to raise new arguments in a reply brief because it deprives the opposing party of an opportunity to respond to them, and courts may disregard any such arguments." *Performance Contracting, Inc. v. Rapid Response Const., Inc.*, 267 F.R.D. 422, 425 (D.D.C. 2010). As the Court previously concluded, Cincinnati Insurance failed to rebut the presumption of prejudice at the summary judgment stage. It may not do so now through a motion for reconsideration, or more accurately, a reply in support of such a motion. Accordingly, the Court rejects this basis for reconsideration of its previous ruling.

2. **Grounds for Clarification**

In addition to the arguments discussed above seeking reconsideration of the Court's prior Memorandum Opinion and Order, Cincinnati Insurance seeks clarification regarding the scope of the Court's prior rulings. First, Cincinnati Insurance seeks clarification that, even despite its failure to properly reserve its rights, it is not barred from asserting the $1,000 deductible provision in Coverage A of the Primary Coverage Part of the Policy. Pl.'s Mot. at 2. Second, Cincinnati Insurance requests that the Court clarify that the Court's previous rulings do not preclude it from asserting coverage defenses under the Excess Coverage Part of the Policy. *Id.* at

14

4-5. The Court addresses each of these issues below, and concludes that Cincinnati Insurance is correct with respect to both of the clarifications sought.

**A. The Effect of the Ruling on the Scope of Coverage and the Deductible**

Cincinnati Insurance contends that even if it failed to properly reserve its rights, it is still entitled to assert the deductible provision of a portion of the insurance policy at issue. Coverage A of the Primary Coverage Part of the Policy provides that a $1,000 deductible applies on a per claim, per claimant basis. Stip., Ex. A (Policy) at 102. Cincinnati Insurance requests clarification from the Court that, despite the Court's conclusion that Cincinnati Insurance failed to properly reserve its rights as to the *FDS* action, the $1,000 per claim, per claimant deductible still applies with regard to Coverage A under the Primary Coverage Part of the Policy.

The Court agrees with Cincinnati Insurance and hereby clarifies its previous Memorandum Opinion and Order to note that Cincinnati Insurance's failure to properly reserve its rights in the *FDS* action does not prevent Cincinnati Insurance from asserting the $1,000 deductible with regard to Coverage A under the Primary Coverage Part of the Policy. A deductible is "the portion of the loss to be borne by the insured before the insurer becomes liable for payment." BLACK'S LAW DICTIONARY 444 (8th ed. 2004). Here, FDS argues that Cincinnati Insurance is prohibited from claiming this deductible because it failed to reserve its rights, and thus may not assert defenses related to coverage. Def.'s Opp'n at 8-11. But as other courts have concluded "[a] deductible endorsement is not a coverage defense or exclusion; it is a means of shifting a portion of the risk from the insurer to the insured. Even where, as here, an insurer assumes an insured's defense unconditionally, the insurer does not waive the deductible endorsement." *Western Heritage Ins. Co. v. Love*, No. 4:13-cv-0034, --- F.Supp.2d ----, 2014 WL 2472267, at *9 (W.D. Mo. June 3, 2014). *See also* 14 Steven Plitt, Daniel Maldonado,

Joshua D. Rogers & Jordan R. Plitt, COUCH ON INSURANCE § 202:74 (3d ed. 2013) ("While the defense of the action by an insurer without reservation of rights as to its defenses may constitute a waiver of the insurer's defenses, it does not rewrite the policy so as to remove the maximum on the coverage provided."); *Chemstar, Inc. v. Liberty Mut. Ins. Co.*, 42 F.3d 1399 (9th Cir. 1994) ("The mere fact that Liberty defended Chemstar without a reservation of rights did not cause Liberty to waive, or to become estopped from asserting, its policy limits as a defense to coverage."). In light of this case law, consistently concluding that deductible limits may be asserted even in the absence of a reservation of rights, the Court clarifies that Cincinnati Insurance's failure to properly reserve its rights does not preclude it from asserting the $1,000 deductible with regard to Coverage A under the Primary Coverage Part of the Policy.

### B. The Effect of the Ruling on Excess Coverage

Plaintiff's second request for clarification involves the Excess Coverage Part of the Policy. The policy at issue in this case is comprised of multiple parts, including a Primary Coverage Part and an Excess Coverage Part. Cincinnati Insurance seeks clarification from the Court that, even if it failed to properly reserve its rights under the Primary Coverage Part of the Policy, it is not precluded from asserting coverage defenses under the Excess Coverage Part of the Policy. On this point, Cincinnati Insurance points to the language of the Excess Coverage Part of the Policy, which states that the insurer's duty to defend the insured against suit arises only "when the applicable limits of 'underlying insurance' and any other insurance have been exhausted by payment of claims." Stip., Ex. A (Policy) at 150. FDS does not contest Cincinnati Insurance's argument that it had no present duty to defend under the Excess Coverage part of the Policy. Indeed, applicable case law supports Cincinnati Insurance on this point. *See Nat'l Elec. Mfrs. Ass'n v. Gulf Underwriters Ins. Co.*, 162 F.3d 821, 826 (4th Cir. 1998) ("While the District

of Columbia courts have not authoritatively taken the position that an excess insurer's duty to defend is not triggered until primary insurance is exhausted, two federal courts applying District of Columbia law have endorsed this view.") (citing *Liberty Mut. Ins. Co. v. Travelers Indem. Co.*, 78 F.3d 639, 645 (D.C. Cir. 1996) and *St. Paul Fire & Marine Ins. Co. v. Children's Hosp. Nat'l Med. Ctr.*, 670 F.Supp. 393, 402 (D.D.C. 1987)). And where a duty to defend arises under a primary liability policy but not an excess policy, the insurer "ha[s] a duty to disclaim coverage or reserve rights with respect to the primary liability policy" but "[i]t ha[s] no obligation with respect to the other policies." *Children's Hosp. Nat'l Med. Ctr.*, 670 F.Supp. at 402. "The duty to disclaim coverage or to reserve rights is a part of the duty to defend." *Id.* Here, Cincinnati Insurance argues that "[s]ince there was no obligation to speak" with respect to the Excess Coverage Part of the Policy, there "can be no implicit promise of coverage upon which to base estoppel" to assert coverage defenses. *Id.*

FDS argues that *Children's Hospital* is inapposite because in that case, even though the insurer provided the insured with primary and excess coverage, this coverage was obtained through two separate policies with different policy numbers. Def.'s Opp'n at 12-14. Here, by contrast, Cincinnati Insurance issued a *single* policy providing various forms of coverage. Yet *Children's Hospital* is silent as to this distinction, and FDS points to no case reaching a contrary result in a situation involving a single policy containing various types of coverage. In addition, FDS does not contest Cincinnati Insurance's argument that it had no present duty to defend under the Excess Coverage part of the Policy. Accordingly, in light of the parties' arguments as to this issue, the Court clarifies that its previous Memorandum Opinion and Order do not preclude Cincinnati Insurance from asserting coverage defenses under the Excess Coverage Part of the Policy.

17

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff Cincinnati Insurance's [38] Motion for Reconsideration and Clarification. The Court DENIES Plaintiff's request for reconsideration of the conclusions in its previous Memorandum Opinion and Order. However, the Court clarifies that Plaintiff's failure to properly reserve its rights in the *FDS* action does not: (1) prevent it from asserting the $1,000 deductible with regard to Coverage A under the Primary Coverage Part of the Policy, and (2) preclude it from asserting coverage defenses under the Excess Coverage Part of the Policy. An appropriate Order accompanies this Memorandum Opinion.

                                                           _____/s/_____
                                                          **COLLEEN KOLLAR-KOTELLY**
                                                          UNITED STATES DISTRICT JUDGE